BRANNIN, SUMMERS & Co. *v.* JOHN O. ROSS, &C.

**Evidence—Bills and Notes—Debt of Different Character.**

> This action was founded on the alleged non-payment of a bill of exchange drawn by Ross and accepted by Burk. Held, that proof of a different debt was not competent.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

June 1, 1870.

Opinion of the Court by Judge Peters: .

J. J. Ross was not discharged from his liability to appellants for the debt sued on by his proceeding in bankrupcty, the release executed by Burks to him did not release his obligation to them, it only released him from his liability to Burks, but appellant's remedy against both was the same after as before the release, and we see no error in admitting him to testify for Burks—he could not thereby benefit himself.

The first instruction by the court, on its own motion, was hypothicated on evidence conducing to sustain it, and was not abstract. The next one is substantially the same as asked by appellants in the second one they presented, and obviated an error which might otherwise have operated prejudicial to them. The third one asked by them was clearly erroneous, because according to it the jury would have been told to find for appellants if they believed Ross was indebted to them whether appellee was bound or not for such indebtedness.

As to the fourth instruction, asked by appellants and refused, their allegations were insufficient, even if the evidence had authorized it. Their action was founded on the alleged non-payment of *a bill of exchange of* date May 25, 1867, for $2,500 drawn by Ross, and accepted by Burks, and without additional allegations, proof of an indebtedness on a different consideration, or a further indebtedness, was not competent, and a judgment without sufficient allegations could not be sustained.

Without expressing any opinion as to the preponderance of the evidence, it is sufficient to say it is conflicting, certainly not so decidedly in favor of appellants as to authorize this court to set aside the judgment on that account.

Judgment affirmed.

*Thompson, for appellants.*
*Saunders & Eastin, for appellees.*